# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TANYA CHRISTMAN | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00445-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on July 2, 2009, claiming entitlement to disability benefits due to "bipolar," anxiety, and depression. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on December 8, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Mr. Hilgree, testified.

On July 13, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on January 5, 2012. Plaintiff requested Appeals Council review a second time in order to consider additional information not considered prior to the January 5, 2012 decision. The Appeals Council set aside its earlier decision, and after considering the additional information, the Appeals Council denied Plaintiff's request for

1

review on May 24, 2012. Therefore, the July 13, 2011 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1.  The claimant has not engaged in substantial gainful activity since July 2, 2009, the application date (20 CFR 416.971, the *et seq.*).

2.  The claimant has the following severe impairments: irritable bowel syndrome and an affective mood disorders [20 CFR 416.920(c)].

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 [20 CFR 416.920(d), 416.925 and 416.926].

4.  I find that the claimant has the physical residual functional capacity to perform work at all exertional levels as defined in 20 CFR 416.967(b). She can sit, stand and/or walk for about six hours in an 8-hour workday. She is not limited in pushing and/or pulling, including the operation of hand and/or foot controls with her upper and lower extremities. She has no postural, manipulative, visual, communicative, or environmental limitations. From the mental standpoint, she maintains the ability to learn, understand, remember, and carry out simple instructions and tasks; use judgment in making simple work-related decisions; respond and relate appropriately to others, such as supervisors, co-worker, but not the general public; maintain attention and concentration for at least two hour intervals; and, adapt to and deal with simple change in work settings and environments.

5.  The claimant is unable to perform any past relevant work (20 CFR 416.965).

6.  The claimant was born on December 30, 1977 and was 31 years old, which is defined as a younger individual age 18-49, on the date the application was filed and 32 years of age to time of the hearing (20 CFR 416.963).

7.  The claimant has a limited education, but is able to communicate in English (20 CFR 416.964).

2

8. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform [20 CFR 416.969 and 416.969(a)].

9. The claimant has not been under a disability, as defined in the Social Security Act, before or after July 2, 2009, the date the application was filed through the date of this decision [20 CFR 416.920(g)].

T.R. 37-54.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of

a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to

the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the Fifth step.

**ANALYSIS**

Plaintiff brings one point of error. She claims that the ALJ's rejection of three treating and examining sources was not supported by substantial evidence and that the ALJ must have good cause for such rejection. As such, she contends the RFC is not supported.

Under the regulations and Fifth Circuit case law, the determination of residual functional capacity is the sole responsibility of the ALJ. *See Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995). Plaintiff claims that the ALJ did not give controlling weight to two of Plaintiff's physicians, Dr. Harrison and Dr. Beck, as well as her treating physician, Dr. Borck.

Dr. Harrison saw Plaintiff at the request of her attorney. Dr. Harrison assessed her with a Major Depressive Disorder as well as borderline personality disorder. He stated that she was unable to work due to psychological disabilities and financial economic hardships. He assigned her a GAF score of 49. He also felt that she needed pharmacological therapy and psychotherapy to obtain stable improvement which he felt would take several years. In his assessment, Dr. Harrison opines that Plaintiff's ability to carry out instructions has been impacted as well as her ability to respond to supervisors, co-workers, or work pressures. TR 516-518.

Dr. Beck saw Plaintiff after Dr. Harrison and he noted that her MMPI-2 findings were not valid, suggesting extreme exaggeration. TR 565. However, Dr. Beck discounted these findings preferring to rely on previous tests performed by Dr. Harrison. His assessment, like Harrison's, was one of inability to carry out instructions and to appropriately act in a work environment.

Examining doctors are not entitled to the weight of treating doctors. *Hernandez v. Astrue,* 278 F. App'x 333, 338 (5th Cir. 2008) (per curium); *see also Gonzales–Sargent v. Barnhart,* 2007 WL 1752057, at *8 (W.D. Tex. 2007) (rejecting the plaintiff's claim that a prior Fifth Circuit case required the six-part analysis for a treating doctor to also apply to a non-treating doctor). Also, even with treating doctors, it is not reversible error for an ALJ not to address the § 404.1527(d) factors directly as long as the ALJ's written opinion satisfies three requirements: (1) it notes the medical opinion; (2) the noted medical opinion does not refute other evidence in the record supporting the ALJ's written opinion; and (3) it reflects that the ALJ considered the relevant factors even if not listed. *Bryant v. Astrue,* 272 F. App'x 352, 355 (5th Cir. 2008) (per curium).

Neither Harrison nor Beck had a treating relationship with Plaintiff. The Federal Regulations define a treating physician as one "who has, or has had, an ongoing treatment relationship with the patient." 20 C.F.R. § 416.902. Generally, this is someone that the patient can establish he sees or has seen with a "frequency consistent with accepted medical practice for the type of treatment/evaluation required for the medical conditions at issue." *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). A one time consultative examination by a physician is not due special deference as that of a treating doctor. *See Robinson v. Astrue*, 271 Fed. App'x 394 (5th Cir. 2008).

As for Dr. Borck's records, they reflect that Plaintiff is doing fine and can handle stress. TR 459. Other records note frequent rescheduling or failure to show up at appointments, *see* TR 458, 460, 461, 462, and that Plaintiff is doing fine with her medicine. TR 463. Again, when she saw licensed counselor John Borck, there were numerous no shows. TR 545, 546. Progress notes from June 2010 note that Plaintiff is feeling much better, with less anger. Her doctor discussed with her the need to exercise. TR 548. In July, she feels better. TR 549. In August, she is doing well with

a stable mood. TR 550. The records from Dr. Borck do not shed much light on her condition other than already noted.

The ALJ gives the following reasons for not giving the above three physicians' reports controlling weight.[1] First, he notes that the opinions are not consistent with the objective medical evidence and other evidence in the record. For example, Texoma Medical Center records indicate that, at the time of her discharge, her response to treatment was good. Dr. Anderson noted that she did not appear as depressed as she alleged. TR 433. He assessed her GAF as 50-60. TR 435. State examiners assigned her mild restrictions in daily living and moderate in maintaining social functions and maintaining concentration. Also noted were one or two episodes of decompensation. TR 447. There is a notation that limitation of symptoms is not wholly supported by medical evidence of record. TR 449.

The ALJ also considered the opinion of Dr. Chen. He noted that she appeared alert and had good memory. She told Dr. Chen that she was able to cook, wash clothes, go shopping, drive, and walk one mile a day with no assistance device. TR 428.

The ALJ also found that at least some of the opinions were merely conclusory and not supported by the medical evidence. He discounted the forms submitted by Harrison and Beck because there were no progress notes or other studies. He stated that he gave greater weight to the State disability examiners. Factored in his analysis was also his credibility finding as to Plaintiff. Essentially he found that Plaintiff was not credible in what she claimed she could not do. Credibility determination as to witnesses and medical evidence is reserved for the ALJ. *Griego v. Sullivan*, 940

---

[1] The Court again notes that the only treating doctor's notes do not reveal much in the way of Plaintiff's ability to function. If anything, the notes reflect a patient who is doing well on medication and the notes tend to support the ALJ's ultimate finding in the case.

F.2d 942, 945 (5th Cir. 1991). Contrary to argument, the ALJ did factor in some of Harrison's and Beck's opinions as to Plaintiff's ability to interact with the public.

Here, the ALJ specifically cited to the Regulations and factors he considered and the reasons he arrived at his decision. The Court cannot say, under the circumstances as outlined above, that his RFC determination either lacks substantial evidence or that he committed some legal error in arriving at it.

## FINDING

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED**.

**SIGNED this 13th day of March, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE